PER CURIAM:
The claimant brought this action for damage to his vehicle which occurred after it encountered a hole located on the berm of a secondary road maintained by the respondent in Kanawha County.
The incident giving rise to this action occurred on June 11, 1997, at approximately 1:15 p.m. The claimant was driving a 1995 Oldsmobile on Paint Creek Road near Gallagher. Paint Creek Road in this area is a two-lane paved road with several curves. Each lane of this road is approximately ten to twelve feet wide. The evidence adduced at hearing established that as the claimant came out of a turn, he simultaneously encountered a large hole along the edge of his lane and an oncoming vehicle in the opposite lane. The claimant testified that he was unable to avoid the hole because he would have hit the other vehicle. Both right side tires dropped into the hole, resulting in two bent rims and two flat tires. Claimant submitted into evidence repair bills in the amount of $323.84. The claimant had a $250.00 insurance deductible.
It is the general rule that when a motorist voluntarily drives onto the berm area he takes the berm as he finds it, but when a motorist is forced to use the berm in case of emergency he is entitled to rely upon it and the respondent may be held liable for failing to maintain the berm in a reasonable safe condition. Meisenhelder vs. Dept. of Highways, (CC-88-149. Unpublished opinion issued August 10, 1990). The claimant introduced into evidence several photographs showing a hole of significant size and depth on the edge of the pavement. The claimant further testified at hearing that the oncoming vehicle was in its lane of traffic and had not crossed into the claimant’s lane.
The Court is of the opinion that the hole in question developed over a considerable period of time and that the respondent knew or should have known of this road defect. However, the evidence indicates that the claimant was not forced to use the berm and could have avoided the hole had he properly maintained control of his vehicle. The Court is of the opinion that any negligence on the part of the respondent was equal to or greater than any fault of the claimant. Therefore, in accordance with the principles of comparative negligence, the Court denies the claim.
Claim disallowed.